**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ALVIN S. CARTER,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:22-CV-2120-M-BK** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

## I.    BACKGROUND

On September 23, 2022, Alvin S. Carter filed a one-page *pro se* complaint against the State of Texas. Doc. 3 at 1. The complaint is nonsensical. Carter never states a cause of action or alleges any coherent facts from which the Court can discern a cognizable cause of action. Indeed in the complaint, Carter only pleads the following sentence fragments:

> Public Law 97-280
> Trust
> Equity
> American Delaration for Idengions Peoples

Doc. 3 at 1 (errors in original).

In an attachment to the complaint, Carter cites to Bible verses and states that he is "formally known as the Estate of Alvin Stephon Dimiro Carter's held in four trust [sic]." Doc. 3 at 2. Carter presents numerous allegations that are rambling and largely incoherent and border on the fantastic and delusional. Doc. 3 at 2. He also purports to challenge his theft conviction in *State of Texas v. Carter*, Case No. F2129687 (Crim. Dist. No. 3, Dallas Cnty., Tex., Nov. 9, 2021). Doc. 3 at 2-3. He alleges "breach of contract" and "breach of trust" and seeks unspecified relief against the Honorable Audra Riley, the judge who presided over his criminal case. Doc. 3 at 2. Carter also relies on the "False Claim Act" and avers that he would not have entered into the contract absent the "plaintiff[s] actions or threat." Doc. 3 at 2.

A review of online records confirms that on November 9, 2021, Carter pled guilty to theft of property with a value of $300,000 or more and was sentenced to five years' imprisonment, probated for a period of five years. *See* Case No. F2129687. According to his judicial confession, the theft involved the transfer of real property that was owned by two individuals and one entity. Following Carter's guilty plea, the prosecutor dismissed a related theft charge in *State of Texas v. Alvin Stephondemiro Carter*, No. F2114062 (Crim. Dist. No. 4, Dallas Cnty., Tex., Nov. 9, 2021). And the court granted Carter's request to transfer his community supervision to Madison County, Mississippi, where he now resides.[1]

With his complaint, Carter encloses copies of (1) the judgment of conviction in Case No. F21-29687, (2) conveyance and other documents related to a family trust, (3) a *Notice of Appeal* for his state criminal case dated September 15, 2022, and (4) an *Order of Name Change* filed in

---

[1] The docket sheet and electronic documents for Case Nos. F2129687 and F2114062 are available at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on Oct. 18, 2022).

the Chancery Court of Madison County, Mississippi, on July 29, 2022, in the matter of Alvin Stephon Demior Carter. Doc. 3 at 4-12.

Upon review of the complaint, Carter fails to present a cognizable claim and his factual contentions are both delusional and deficient. As such, this action should be dismissed as frivolous.

## II.    ANALYSIS

Carter's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). This statute provides inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Carter has failed to state a cognizable legal claim or anything that can be construed as such. He presents no supporting legal authority for the claim he asserts. Moreover, his factual

3

contentions are clearly baseless and woefully inadequate to support any cognizable claim, and his allegations border on the irrational and incredible.  *See Denton*, 504 U.S. at 33.[2]

Further, constitutional challenges to state court convictions are generally cognizable in a federal habeas corpus action after exhaustion of state court remedies.  *See* 28 U.S.C. § 2254. And to the extent Carter seeks to compel Judge Riley to vacate his state conviction, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought.  *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

Consequently, Carter's complaint should be dismissed with prejudice as factually and legally frivolous.

## III.    LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein Carter's apparent claims are fatally infirm.  Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

---

[2] Carter's allegations also imply the invalidity of his convictions; thus, his claims are also barred unless his conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87(1994).  As previously noted, his state conviction has not been reversed or otherwise called into question.

## IV.    CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH**

**PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on October 28, 2022.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).